HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE ANN WEST,

                Plaintiff,

    v.

RICHARD V SPENCER, et al.,

                Defendants.

CASE NO. C17-6025RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Joe Ann West's Motion for Leave to proceed *in forma pauperis*, supported by her proposed complaint [Dkt. # 1]. West has now filed 12 cases in this District in the past two years. 11 of them name the Secretary of the Navy as the sole defendant; the other named Attorney General Sessions. Each relates loosely to West's employment at the Naval Shipyard at Bremerton (and her termination from that employment). West repeatedly alludes to EEOC procedure(s) but she has yet to describe them[1]. Each complaint is based on the same general, lengthy, and difficult to read set of facts and accusations, and most

---

[1] The government suggests in a related case that one of West's EEOC proceedings dates to *2008*, making any claims based on it facially time barred.

name the same people and parties. Though each is slightly different, they are all essentially the same and the all arise from the same set of facts.

Eight of the first nine[2] cases were dismissed. One remains open, with a Motion to Dismiss pending[3]. [*See West v. Spencer* Cause No. 17-5510RBL]. In December 2017, West filed three more cases against the Secretary. In two of the new cases, including this one, she also names the Acting Chair of the EEOC, Victoria Lipnic.

The "new" claim in West's 21-page proposed complaint in this case relates to "planned practices of ongoing retaliation." The rest is cut and pasted from her other complaints, including a portion of complaint she filed the same day, in *West v. Spencer,* Cause No. 17-cv-6024RBL. West repeats her complaints about the EEOC process she apparently went through as an employee, which has been featured in each of her dozen complaints. In any event, West asserts Title VII claims based on sex (and possibly race, and possibly mental impairment) discrimination, retaliation, and "disparate treatment."

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad

---

[2] The first nine cases are:

*West v. Mabus*, C16-5191RBL,
*West v. Mabus*, C16-5204RBL,
*West v. Stackley*, C17-5246RBL,
*West v. Stackley*, C17-5273RBL,
*West v. Stackley*, C17-5366RBL,
*West v. Stackley*, C17-5367RBL,
*West v. Stackley*, C17-5368RBL,
*West v. Sessions*, C17-5426RBL, and
*West v. Spencer*, C17-5510RBL.

[3] The Secretary filed a Motion for a Bar Order in one of the earlier cases, which is technically no longer pending (due to the dismissal) but which the Court will consider separately, given West's apparent determination to repeatedly file frivolous claims in this District.

1 | discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

2 | actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

3 | 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in

4 | forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

5 | is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

6 | 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint

7 | is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778

8 | F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

9 |      A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

10 | must nevertheless contain factual assertions sufficient to support a facially plausible claim for

11 | relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell

12 | Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A

13 | claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

14 | court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15 | *Iqbal*, 556 U.S. at 678.

16 |      West's complaint does not and cannot meet this plausibility standard. Even if she had not

17 | already repeatedly attempted to assert claims based on the same factual background in a dozen

18 | largely duplicative actions, the complaint does not remotely state a viable, plausible claim

19 | against either Spencer or Lipnic—she does not allege that either of them actually did anything,

20 | and the various people she does identify are not defendants.

21 |      West has not plausibly plead a Title VII claim against anyone. Despite its length, this

22 | complaint (like all of her others) fails to articulate any fact upon which a viable discrimination

23 | claim could be based. She claims she is a disabled African-American female, and it can be

24 |

inferred that she was terminated, but there is no allegation of when or why, or how her race color sex age or disability was the basis for her termination, or why these claims are not barred by the dismissal of apparently identical ones in the past. Furthermore, West seems to suggest that she is planning to assert a class action, though she recognizes that she cannot represent a class *pro se*. Her complain includes a variety of claims and complaints and allegations by and about the treatment of others in the Navy (again with no context and no discernable relation to West). These are not plausible claims made by West in support of her claims against Spencer or Lipnic.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). But there is no reason to do so in this case.

West has filed 12 substantially similar cases (and in those cases, more than 100 motions), all based on variations of the same basic set of underlying facts: she was terminated, she went through an administrative process, she lost, and she failed to timely file a lawsuit in this Court. *See*, for example, *West v Stackley*, Cause No. 17-cv-5246RBL at Dkt. # 47 (dismissing a similar claim with prejudice and without leave to amend). Indeed, West's complaint in this case suggests at the very end that it "could have been consolidated with 17-cv-5246." [Dkt. # 1-1 at 36] But that case was dismissed with prejudice before this case was filed. The dismissal of this case (and others) is already on appeal.

There is nothing that West could add or alter in yet another bite at the apple that would cure the fatal defects outlined above in in various prior Orders in numerous prior cases. Her

Motion for Leave to proceed *in forma pauperis* is DENIED, and West's claims in this matter are DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 2nd day of March, 2018.

_____
Ronald B. Leighton
United States District Judge